With the lawyers who are going to argue the case, please approach the bench and introduce yourselves. My name is Allison Shaw and I represent Juan Ocon. Good morning, Your Honors. Michelle Grimaldi Stein, Assistant State's Attorney for the people of the State of Illinois. Do you feel you're going to reserve some time for a rebuttal? Yes, please. You have 15 minutes in total. Go ahead. May it please the Court, as I stated, my name is Allison Shaw and I represent Juan Ocon. Have you argued here before? In this division, no.  Nice to meet you, too. Pursuant to the Illinois Supreme Court's decision in Laugharn, the dismissal of Ocon's Section 214.01 petition was premature due to the fact that the petition was not properly served on the State. Laugharn made clear that a 214.01 petition does not become right for adjudication until 30 days after it is filed in order to give the State the opportunity to respond. Could I ask you one question before we get into the multiple cases on this? You didn't argue that the petition itself has any merit. Does it have any merit? No. However, the question of merit is not at issue here because the question of whether the judge was able to rule on the petition occurs before the merits of the case were even reached. Well then, if it doesn't have merit, why does the defendant want to have it go back? What would be the basis? I'm just trying to understand the logic of this. The benefit of it going back is that the defendant would be able to amend his petition. For example, if the court decides to remand for new proceedings or dismiss it without prejudice, he'll have the benefit of being able to amend the petition to remedy any errors in it and refile it. Would he be able to amend it to make it meritorious? That's my next question. Based on the cases, Reedy and another one, he can always file another 1401 if he comes up with a basis. There's no limit on the numbers of any of those that can be filed as far as I know. I'm trying to find out, if he can't really fix this, isn't it judicially inefficient for us to remand this? Well, I think the problem with that is that this is an issue, in the larger, in the bigger picture of this issue, is that when you take the facts of what occurred here, is that the question occurs before the merits are even reached. In all further cases from this point forward, and for my own client, the question, the judge should never have even reached the merits because he didn't have the authority to do so because the petition was not ripe for adjudication. Well, isn't this case really different than all the other cases because in this case, the state did receive notice, the petition was filed, I forget the exact date, but once it was filed, it was placed on the court's calendar, and then when it was on the court's calendar for the first court date, the state was present, the petition was presented to the court, and then the state was present. And then the court assigned the date well after 30 days. So this isn't really like any of the cases cited by any of the parties. Well, I think, I think the, I think what occurred here is, for one, we don't, the state never, was never served notice because the, it was simply placed. But they don't really seem to care about that. I mean, aren't you kind of putting yourself in the seat next to the state attorney and saying, hey, we didn't get notice? I mean, why should you be in a position that you can complain about the notice that they got or didn't get? I mean, I think that's. I think if I ask Ms. Grimaldi-Stein when she stands up here in a couple minutes, you know, are you complaining about the lack of service? She's going to say, no, we don't care. It's fine. We're fine, Judge. Well, I think, but that's the same issue that the court, that the Supreme Court faced in Lafarne in that the, you know, when they decided that the state had this 30 days to respond, and before that 30 days passed, the court could not rule on the petition. Well, then how do you explain. Oh, I'm sorry. Go ahead. No, go ahead. The 30 days had passed in this case. Aren't there multiple cases that say that actual notice is the same as service of process? They had actual notice in this case. Well, I don't think we know that they had actual notice because it's not clear from the record that, one, that the service was ever effectuated because Rule 105. I'm talking about actual knowledge. They had actual knowledge of the petition because the state's attorney that stood in front of the court is an agent for the principal, and they were informed that Juan O'Connor had filed a 1401 petition, and the allegations are contained in that petition. Right. And the state's attorney was present in open court. Well, the state's attorney was present. I think Maiden, the case in Maiden makes clear that that mere presence isn't enough to waive service. But Maiden wasn't the 30-day process. Maiden was within, before the 30 days, was it not? Correct. So here the judge continued this for 30 days after the record demonstrated they had actual notice. However, but the issue here is that whether the state waived their service of process. It's that that 30 days had never begun to occur, even though the trial court placed it on the call, that 30 days did not begin until the service was complete. Well, you're saying there is no service when you have actual notice. Is that what you're saying? You're saying that the only way to have the service in this case is through 105, that actual notice would never take the place of sending someone something in the mail? Well, I think that's what the law court in Prado made clear, is that you have ways to serve a 214.01 petition and ways for that service to be effectuated. And Prado also recognizes that a very efficient way of remedying this problem in future cases is to simply have the state's attorney say in open court verbally, I waive any defects in service, something that did not occur in this case. Well, going back to Justice Palmer's question, once they have actual notice, which they have in this case, do you think that any case stands for the proposition that the petitioner here would have standing to object to their lack of service by one method when the record reflects they have service because of actual knowledge? Well, I think the issue here is basically what's coming into play is where you're starting the beginning date for a period of 30 days. And the problem is there needs to be a bright line consistent across the system rule for when that 30-day period begins. I could see a bright line rule. When there's actual notice to a party, when there's actual notice to a party, the 30-day rule begins. I mean, the problem here is that in this case, the record's silent. It's not that the state's attorney stood up and said, we acknowledge that we've received a copy of the petition. It's not that the state's attorney even spoke on the record at all. We know that the state's attorney was present in court, but we don't know if they were given a copy of the petition. We don't know if they actually received a copy of the petition through the mail because there was no return receipt requested. This gets me back to the first question. How do you know that he didn't send this certified mail or return receipt requested? Well, first of all, Rule 105 explains that service is not complete, that it must be done through certified mail, return receipt requested, and certified, and it's not complete. Two ways, right? Aren't there two methods? Certified mail or registered mail? Registered. Right. And there needs to be some affirmative evidence in the record that there was a return receipt. Whose burden is it to show us that they never got the notice? Well, I think that that would be our burden, but I think the issue here is that the record is completely silent on that, and without any affirmative evidence that they received notice, you can't assume. Well, the clerk got the notice. Didn't the clerk of the circuit court get notice? The clerk did, but placing the... How do we know that he didn't follow 106? In that he didn't place it under certified mail. How do we know that he didn't indeed follow the rules? I think because... He said he put it in the mail. He said he put it in the institutional mail system, which is similar to putting a letter in a regular mailbox. Were you supposed to ask us to do something like take judicial notice of something? I'm not sure. That's why I'm asking these questions. Well, I think that's the thing. It's because the record is not clear, because the proof of service simply said has been placed in the institutional mail system and did not specify for certified or registered mail. Because it's silent on that, we can't then assume something greater. In order to send a document through certified or registered mail, some further action needs to take place, more than just placing a document or letter in a mail system. And here there's no evidence that that more above and beyond action took place. And so where that didn't happen... The problem stems from the fact that there's a role reversal here. Because if the roles were in the right place, what would ordinarily happen if there was improper service is the state's attorney would come forward and say, hey, there's improper service. If a ruling went against them, they could come in and say, hey, there's improper service, and therefore this has to be done over or this has to be reversed or something like that. But the roles are reversed here, and so there's nobody coming forward and showing that there's been improper service. You're just saying the record's silent. But there would be no vehicle for you to come in and say that because it's outside the record. So it's not before us. Where's the evidence that the service was improper? I mean, as I stated before, that's the issue. There is no affirmative evidence in the record. And you can't... There's no evidence that it wasn't served improperly. There's not. I mean, I think... Sorry. In order for Okan to have served this properly, he would have had to place this mail, you know, serve this document through registered or certified mail with a return receipt or some kind of documentation to confirm... And is there something in the record that shows that he didn't do that? I think the problem is that there's nothing that shows that he did do that. We could go around and around all day about that, but whose burden is it to show that it wasn't done correctly? But I think that that's the issue. I think that the problem is that where there's... Because the default here is to send it through regular mail. Going beyond that default, you have to show that something more was done. Here, because there's no evidence that something more was done, we're left back with the default of that it was simply placed in the institutional mail system and not properly served on this date. There's some default that we have to presume that he didn't send it the right way? Is that what you're saying? I'm sorry. What I'm trying to say is that because he stated in his proof of service that it was merely placed in the institutional mail system and not placed in the institutional mail system with instructions that it be sent through certified or registered mail, presumably something he would have to pay extra for in any case, so that there would be some evidence in the record had he taken those further steps, but there isn't. And because of that, we can't read into the record and assume that he did properly serve the state. Well, can't we do it in this case? That's another bright rule I just thought of. Where there's evidence of service by mail, we know that. That's clear. And where the circuit court clerk receives that petition and where the record affirmatively discloses actual notice that the dismissal after 30 days under all of those facts is not a violation of the service provisions. Well, I think, I mean, that again goes back to the problems faced in Prado and in Laughart, is that... They didn't have, but the only thing I'm pointing out about those is I've read every one of these cases. Right. There isn't a single one that was past the 30 days once the actual notice appeared. The facts in this case are different than every other one because the judge specifically set the case for 30 days after the petition was presented in open court, and it had already been filed. But Laughart, I'm not sure how you say it, in that case there was a sua sponte dismissal before the 30 days and it was based on a timeliness issue. In other words, the trial court said, this is beyond the two years, so I'm just throwing it out. And it was before any notice. Right. Well, that's the thing. So Laughart recognized that the important things for a Section 214.01 petition are notice and the opportunity to be heard. Laughart specifically dealt with making sure that the state had the opportunity to be heard. And didn't she kind of... Isn't Laughart suggestive that there was merit to her petition, the woman? And that was really kind of the heart of this decision, is that here this person actually had a meritorious petition and the court said, well, I'm not going to hear it. This isn't timely. Whereas here you've said there's no merit to the petition. Because merit doesn't come into play at all. This is a question that needs to be decided before the merits are even reached because it's a bright line rule for when that 30-day period starts. That 30-day period begins for every single petition regardless of merit, and there needs to be a clear rule on that regardless of merit. There can't be a decision that's made. There can't be separate rules for, well, this petition has merit and this petition doesn't have merit. Even if the petition, in Laughart, even if the petition was... Well, if that's what you felt, why didn't you just certify the question? I'm sorry? Why didn't you just certify the question? Certify a question for the appellate court. Certify a question. In the trial court? Mm-hmm. I'm not sure. Oh, okay. I'm sorry. All right. Your time is, why don't you reserve some time for the rebuttal. All right. Thank you. Good morning, Your Honors. May it please the Court. Michelle Grimaldi-Stein for the people of the State of Illinois. Before I get into the body of the argument, I just want to correct two misstatements that were made by my opponent. She said that the State was never served notice, and there is absolutely no evidence of record that the State was never served notice. There was evidence of record that the defendant placed his petition in the institutional mail, and as this Court rightly recognized, that evidence of record is ambiguous as to whether it was sent regular mail or certified or registered mail. Counsel has agreed that the record isn't clear, and therefore under well-established rules of appellate procedure, the defendant cannot prevail in this case because any ambiguity in the record has to be judged against him. Is there any authority out there that you could have provided us that basically says that actual knowledge or notice, actual notice, is equal to or greater than service of process by mail? I do believe that the Illinois Supreme Court case of In re M.W., which is cited in the people's brief, says exactly that. It says that? It says that. The father of M.W., the respondent, was never served with notice, but he appeared in court on the first day, at which time he was given the petition, the delinquency petition, and the Supreme Court said, that's notice, and he can't, and his presence there waived any objection he had to improper service. Wasn't the issue whether the court had jurisdiction over the father? No. The minor respondent was arguing that her determination of delinquency was void because her father hadn't been served. So she was trying to do exactly what the defendant in this case is trying to do, to interpose an objection to defective service that did not belong to her. Isn't there some kind of inconsistency then with In re M.W., where, as you say, and I think Justice Palmer has mentioned this idea, that who really should have any standing to object to the service here? So in this In M.W., they say that only the respondent had the right to object to the improper service. No, Your Honor, I'm sorry. No? They said that only the father had the right to object to improper service. So that M.W.'s attempt to interpose an objection to defective service that belonged to her father was not proper. Well, how does that matter? Am I standing in the same shoes as the father? Yes, Your Honor. And I should follow up on my question earlier. On behalf of the State's Attorney, are you objecting to service? We are not objecting to service. We're not conceding that service was improper. But how is this? This case is inconsistent with this law firm or law firm because there they basically are allowing the petitioner to step in the shoes of the State for the improper service that occurred. I may be misremembering law firm, but I don't, or law firm, however it is pronounced. We have several different versions going in our office. But I don't recall service of process being an issue in law firm. Law firm was that it was simply 30 days before the case had been docketed. I don't think, and that was the second misstatement that I wanted to make. I certainly know I was the prosecutor in Vincent, and it was never an issue in Vincent. So the courts that keep quoting that Vincent stresses that a properly served petition, it was never an issue. Law firm was just above the 30. The dismissal was in seven days. There's not one scintilla of discussion about a defective service of process. Well, why did they discuss service of process at all then, that the 30 days hadn't passed? Because the court dismissed it within seven days of it appearing on its docket. That was the problem. And I think rightly so, as Your Honor pointed out before, this was a petition that had potential merit that the State didn't, could have within those 30 days waived the timeliness issue, and the judge precluded that opportunity by sua sponte dismissing the petition within that 30 days. And I think Your Honor is exactly right that that was the concern of the Illinois Supreme Court. But this court has long ago held that defective service does not entitle a defendant to claim that a dismissal of a 214-01 was improper. Because he's submitted himself to the jurisdiction of the court, both subject matter and personal, when he files that petition. And when the petition is dismissed for failure to state a cause of action as a matter of law, which is this case. Well, I don't know. This decision, I don't know how you can't say it has nothing to do with service. Because in it, and this is this law harm, it says that it was not the petition, her petition wasn't right for adjudication because only seven days had passed. But it says the circuit court dismissal short-circuited the proceedings and deprived the State of the time it was entitled to answer or otherwise plea. And then it says it requires that notice be given as provided by rule. Then it talks about Rule 106. And basically, that's, I mean, I don't know that it's not the case. Your Honor, I could certainly be misremembering that case. I was under the impression that it was strictly a 30-day provision. That notice from the day, does it? It says you have to give, 30 days begins to run after notice of service. And that since 30 days had passed and the State wasn't given its opportunity to respond. But in terms of whether the notice by mail was proper, this Court long ago held that Rule 105B should be liberally construed to promote justice. That substance is preferred over form. That actual notice is the goal of the rule. And that exceptions to the rule can be made, including mail service, where its purpose is achieved. That was in Public Taxi Service v. Ayrton in 1973. And this Court cited that case 11 months ago as good law in One West Bank v. Toper. So liberally construing 105B in favor of an indigent, incarcerated defendant, where service by mail is properly conducted, is received by the State. Is there a forfeiture argument here when the merits of the petition have never been discussed? I'm sorry, I don't... Is the defendant forfeiting anything by not arguing the merits of the petition? As people raised in their brief, absolutely. By not arguing that his petition had any merit, he conceded that it had no merit. Well, she conceded that this morning. So this is clearly a form over substance situation. Well, the form over substance in the terms of requiring strict compliance with 105B when actual notice has been had is elevating form over substance. Sending back a petition that is patently meritless, that cannot be amended in any way, shape, or form to state a viable claim. Would be an extreme and extraordinary waste of judicial resources when that ruling has no impediment on the defendant filing a subsequent petition if he comes up with reasonable grounds. This is truly form over substance on a host of levels. I would just like to point out that the same district, which the cases the defendant relies on, the second district, has also issued opinions that holds the defect in proper service of a 214.01 petition on the state does not prevent the court from issuing a ruling which only affects the defendant who filed the 214.01 petition. That's the same district. Oh, that's right. There were two panels that had one of the justices was on each of those panels, right? Hutchinson was on. But the cases that I'm talking about here are Mescal and Caliendo, and they precede Prado and Llewellyn and Nitz. But I think the fact that they've held that improper service, that they don't even know what their position is, and she's asking this court to follow the second district. And they've issued contradictory opinions. They've issued contradictory opinions in terms of what the proper remedy. There are three different remedies that they're saying that should be followed. These decisions are poorly reasoned. They allow a defendant to interpose an objection that doesn't belong to him. They squander judicial resources by requiring remandment. And scarily enough, acceptance of their logic means that every 214.01 petition that has been ruled on in this state since 1979 and the many Section 72s before that that were not properly served are void because they never became right for adjudication. For all of these reasons, the people of the state of Illinois respectfully request this court to affirm the dismissal of the defendant's patently meritless petition and to reject the authority cited by my opponent. Thank you. Short rebuttal. Just a few points, Your Honors. First of all, the question of whether the decision in this case will have any impact is one that needs to be imbued from the larger picture as well as the narrow holding of this case. The problem is that this will impact across the board the whole system. Lawhorn made clear that focused on this 30-day period that the state has to respond. Without knowing, without having a solid date for it to know when that 30-day period begins, the ruling in Lawhorn doesn't. Couldn't we say that that date started running, that that 30-day started running the day that the state's attorney was standing in the courtroom and the case was on the call and then the case was continued? The problem is that the other cases, Prado and Maiden, made clear that the state's attorney can't simply waive service by merely appearing and not saying anything on the record. There has to be some affirmative waiver of service, something that did not occur in this case. Picking up on what Ms. Grimaldi-Stein just said, if we were to liberally construe 105 and look to see if its purposes were achieved in this case, we have a situation where the state's attorney was standing in court, the case was continued for more than 30 days, the state's attorney declined to file any kind of response to the petition, and it's a meritless petition. Couldn't we just easily say that the purposes of 105 have been achieved here, the state's attorney had noticed, decided not to respond, a case that has no merit is over? I think those are the problems. First of all, the question of merit is not one that should even be reached here because the petition was never right for adjudication. Merit makes no difference in this case whatsoever. Simply because it's a question of... Again, looking, as you said, at the broader picture, in a court system that has so many cases, both on the trial level and on the appellate level, we should take this meritless case and send it back to Judge Kasmersky so that he has to deal with it again, as opposed to allowing the defendant to come back into court if he can figure out some other claim that he has, which he could bring separately as a new 214.01 petition, or as a successive post-conviction petition, and therefore getting one case off the docket. And if he can't figure out a new claim, then he's out anyway. Well, that's the solution that we also ask for in our thing, is that following this, this court should dismiss without prejudice. What's the difference if we dismiss this without prejudice? You can always bring a 214.01 petition, as long as you show diligence. Well, and that goes to another point that I wanted to make. Contrary to what my opponent said, there are implications on a defendant for filing multiple petitions. If he is found to be filing petition after petition after petition, he can be liable for sanctions, monetary sanctions, for money that he does not have. Not at the claims of merit. Well, on a different subject, okay, 214.01 normally requires that the petition be filed within two years. Correct. And it also generally requires that the petitioner establish that the petition, that the original action has merit, and that there's a reason why the action wasn't brought to the court previously. And I forget. But anyway, then we have this other body of case law that says when the petitioner is alleging a void judgment, then that establishes the requirements. But in this case, we have a petitioner who filed a petition and mailed the petition to the state. But what is void about the court's decision here when it dismissed Mr. O'Connor's petition? Because the ruling affects Mr. O'Connor. It does not affect the state. It negatively impacts him. Where is anything here that actually would excuse the normal requirements for a meritorious petition? I'm sorry. I'm saying that. Are you asking for a substantial? In order for you to be excused, or the petitioner rather, from establishing its meritorious nature, you have to show that there's a void judgment here. And that's not really developed. There is no void judgment here, is there? Well, no. I think that that's the problem is that, again, the question is moving away from what's really at issue here. But you have to argue, don't you, that somehow this thing is void and that's why we should be considering it in the first instance? I don't think so. Isn't that how you get to vacate a judgment? But I think that that's, again, moving the issue beyond where it is. At this point, all that needs to be done. I understand, but you've said there's no merit to this petition. Right. So I don't understand how we should send it back. If you're stating to the court that there's no merit to his 1401. Because I think, Lawhorn, in these other cases, and just the case law on this is any Lawhorn case, any 214-01 petition that's dismissed before those 30 days are up, regardless of merit, has to go back to the trial court's docket. Isn't the whole idea behind 1401 to allow litigants on both sides, civil and criminal, to allow litigants to bring to the court a petition to show that there was something wrong with the judgment? Correct. Okay. And if you can't show that, you simply can't show that because you've conceded in your brief that there's no merit. Aren't we defeating the whole idea behind 1401? The whole idea is to get, before the court, the judgment that was improperly entered. Yes, that's the purpose that 214-01 serves. But when you look at Lawhorn, and I think that this case is the logical outgrowth of Lawhorn, in that the Supreme Court wrote this decision that specifically stated, and the result of it is that petitions, regardless of merit, if they're ruled on before that 30 days is over, they go back. And this is the next logical outgrowth of it. The thing that now needs to be decided is, any time that you have a time limit, you need to know when that time begins. And the question here is that we don't know, because the state was not served, we don't know when that time limit occurred. And you need an affirmative waiver. I think our rule would be that the 30-day period begins to run when either there's evidence of compliance with Rule 106, or actual notice is conferred upon the opposing party. I think that would be a fair rule, that that would give everybody very clear notice of what they have to do. If you're served actually in court, in open court, or if the notice requirements are met, the 30-day rule begins to run. I don't think you'd like that rule. The issue here is that the problem that becomes is that, at least on the facts of this case, they might appear in court simply by their being physically present, but without some affirmative acknowledgment, even if it's an acknowledgment of, yes, court, I acknowledge that I have received this petition, even something as minimal as that, which I think would achieve the same ends that the court in Prado was seeking to achieve when saying that really, for efficiency, all that the state's attorney would need to do is affirmatively waive service. So what needs to happen is that there just needs to be some affirmative action by the state, something that didn't occur in this case, because the record is there's no acknowledgment from the state, no waiver from the state, no word uttered by the state. Something like that needs to occur. So you would be satisfied if, on that date, that the state's attorney was standing there in court in front of Judge Kosmorski, if the state's attorney said out loud, I'm here, Judge, and I know what's going on. That's enough? Well, I mean, my argument is, no, that's not enough, but that there needs to be some affirmative waiver of service. You mean somebody has to appear before the court and say, I waive service? Yes. That's what you're saying? The state waives any defects in service. So we should make a rule like that? That's what you're asking us to do? Yes. All right, well, thank you very much. We'll take this case under advisement. Thank you, counsel. Thank you. Thank you.